IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


SHANNON YOUNG,

       Plaintiff,

   -vs-                                   No. CV 02-1577 LH/ACT

STATE GOVERNMENT OF OKLAHOMA, et al.,
STEPHEN P. GRAY, individually,
FORREST DAVID NELSON, individually,
KELLY BURKE, individually,
RUDY BRIGGS, individually,
BRUCE G. SEWELL, individually,
TWENTY FOUR JOHN AND JANE DOES,

       Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL WITHOUT PREJUDICE

**THIS MATTER** comes before the Court on Special Appearance and Motion to Dismiss of Defendants State Government of Oklahoma, The Honorable Bruce G. Sewell, and the Honorable Forrest David Nelson (Docket No. 18), filed April 2, 2003; Defendants Rudy Briggs and Kelly Burke's Motion to Dismiss (Docket No. 16), filed April 2, 2003; and Motion of Defendant, Stephen P. Gray, to Dismiss for Lack of Personal Jurisdiction (Docket No. 20), filed April 2, 2003.  The Court, having considered these motions, briefs, declarations, and affidavits submitted by the parties, the applicable law, and otherwise being fully advised, finds that the motions are well taken and shall be **granted** and that the case shall be dismissed without prejudice.

## Background

In September of 1999, Plaintiff Young was a defendant in a divorce proceeding filed in

Wagoner County District Court of the State of Oklahoma.  Young entered a special appearance and waiver and the divorce decree was entered on January 6, 2000.  The Honorable Forrest David Nelson was the judge.  In May of 2001, an application for citation for contempt alleging failure to pay alimony and to abide by other requirements of the divorce decree was filed.  After a hearing on December 18, 2001, Judge Nelson found Young guilty of contempt and sentenced him to sixty (60) days in county jail.  On December 28, 2001, Young paid $3,900.00 to expunge his sentence and was released from custody. Subsequently, Young's home was sold at a sheriff's sale in Wagoner County, Oklahoma.  In February of 2002, the Honorable Bruce Sewell was scheduled to preside over the motion to confirm sale.  On April 5, 2002, Judge Sewell signed an Order of Disbursement for the deposit on the home sale.

Young alleges that the State of Oklahoma allowed judicial officers to exercise a political power by appointing special district judges to serve at their pleasure, thereby usurping authority not available to them and wrongfully allowing them to exercise authority.  Young attempts to establish this fact by stating  that there are provisions in the Oklahoma Constitution that should be null and void, because they are repugnant as well as unconstitutional, and that the United States Constitution is the supreme law of the land.  Young further alleges that Defendant Gray[1] enticed and solicited the State of Oklahoma and Judge Nelson to incarcerate Young and to wrongfully deprive him of his money and freedom, and that Defendants Briggs and Burke[2] participated by  falsely arresting and imprisoning him against his will.  Young claims that the court record reflects that Young was not the

---

[1]Stephen P. Gray was the legal representative of Jae Jean Young in her divorce proceedings against Shannon Young.  The case was heard in Oklahoma, where Gray is a licensed attorney.

[2]Rudy Briggs and Kelly Burke were the arresting officers who detained Young pursuant to the contempt of court order by Judge Nelson.

proper party before the court, that Defendants were notified of this, yet did nothing about it.

According to all allegations and proof before the Court, all of the Defendants reside in the State of Oklahoma, and all of the actions complained of occurred in the State of Oklahoma.  There is nothing in the record to indicate that any of the Defendants has ties to the State of New Mexico, with the exception of this lawsuit.

### Discussion

All named Defendants move  for dismissal of the complaint under FED. R. CIV. P. 12(b)(2), arguing that this Court lacks personal jurisdiction over them because they do not have minimum contacts with the State of New Mexico sufficient to satisfy due process.  Young however, contends that Defendants have subjected themselves to *in personam* jurisdiction by voluntarily filing two motions with this Court. He also maintains that, Defendants' detention of him in Oklahoma, preventing his return to New Mexico for a ten day period, somehow creates a nexus that provides this Court with jurisdiction over Defendants.  Further along these lines, Young contends that this nexus is strengthened by Defendants utilization of the New Mexico Attorney General in this lawsuit.

"Before a federal court can assert personal jurisdiction over a defendant in a federal question case, the court must determine: (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant; and (2) whether the exercise of jurisdiction comports with due process."  *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)(quotations and citations omitted).  There is no federal statute authorizing nationwide personal jurisdiction in this case.  *See, e.g., AAMCO Automatic Transmissions, Inc. v. Tayloe*, 368 F. Supp. 1283, 1291 (E.D. Pa. 1973).  Therefore, pursuant to FED. R. CIV. P. 4(k)(1)(A), the Court refers to the New Mexico long-arm statute.

3

New Mexico courts "use a three-step test to decide whether personal jurisdiction exists over nonresident, out-of-state defendants: (1) the defendant's act must be one of the five enumerated in the long-arm statute; (2) the plaintiff's course of action must arise from the act; and (3) minimum contacts sufficient to satisfy due process must be established by the defendant's act." *Rogers v. 5-Star Mgmt.*, 946 F. Supp. 907, 911 (D.N.M. 1996)(Black, J.)(quoting *State Farm Mut. Ins. Co. v. Conyers*, 109 N.M. 243, 244, (1989)). Because the reach of New Mexico's long-arm statute extends as far as constitutionally permissible, *United Nuclear Corp. v. Gen. Atomic Co.*, 91 N.M. 41, 42, (1977), with the first and third steps equated with the due process standard of "minimum contacts," the necessity of a technical determination of whether the non-resident committed an enumerated act has evaporated and the Court searches for the outer limits of what due process permits. *Santa Fe Techs. v. Argus Networks, Inc.* 131 N.M. 772, 779 (Ct. App. 2001)(quotations and citations omitted). "Thus, for the [C]ourt to find personal jurisdiction, [P]laintiff must allege an occurrence that falls within the long-arm statute, and the [C]ourt must find the requisite minimum contacts to comport with due process." *Id*. at 779-81, (citing *Cronin v. Sierra Med. Ctr.*, 129 N.M. 521, 527 (2000)). The Court may consider matters outside the pleadings, but "resolves all factual disputes raised by conflicting affidavits in Plaintiffs' favor." *Rogers*, 946 F. Supp. at 910 (quoting *Jemez Agency, Inc. v. CIGNA Corp.*, 866 F. Supp. 1340, 1342 (D.N.M. 1994)(Burciaga, C.J.)). As no evidentiary hearing is being held, Plaintiff "need only make a prima facie showing that personal jurisdiction exists." *Santa Fe Techs.*, 131 N.M. at 779.

To sustain personal jurisdiction, Young must demonstrate that Defendants had sufficient minimal contacts with New Mexico so as not to offend traditional notions of fair play and substantial justice. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In determining whether

4

minimum contacts have been established, the Court looks at the degree to which a defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Defendants' conduct and connection with New Mexico must be such that they should reasonably anticipate being haled into court here. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

 As noted by Young, *Origins Natural Resources, Inc. v. Kotler*, 133 F. Supp. 2d 1232 (D.N.M. 2001), states that the "Plaintiff has the burden of proving that federal jurisdiction exists over [the] Defendants and that the exercise of personal jurisdiction would not violate due process requirements." Clearly, it is a plaintiff's burden to show that the defendant is subject to the jurisdiction of this Court pursuant to the three-step test above-mentioned. Young has been unable to meet this burden because he has failed to prove any part of the three-step test. Contrary to Young's assertions, Rule 12(b) expressly contemplates that a defense of lack of personal jurisdiction may be raised by a motion to dismiss rather than by an answer. Young contends that the fact that the Defendants filed a responsive pleading on April 2, 2003 suggests that they have admitted all allegations made against them in the complaint pursuant to FED. R. CIV. P. 8(d). Young claims by failing to deny any averments stated in the complaint against them, they have admitted all allegations. However, the law is very clear on this matter as well. The service of a rule 12 motion tolls the time for serving a responsive pleading, in this instance Defendants' answer to the complaint.

Young fails to meet the burden established in *Origins Natural Resources, Inc.* The facts that he has alleged fail to meet the "minimum contacts" test laid out in *Int'l Shoe*, and therefore fail to meet the New Mexico three-step test for personal jurisdiction. It would violate due process and

offend the notions of fair play to require any of the Defendants to defend themselves in a state with which they had absolutely no contact.  "The Due Process Clause protects an individual's liberty interest in not being subject to binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985).  The Defendants' conduct and connection with the State of New Mexico is virtually non-existent.  All of the alleged events occurred in the State of Oklahoma; the only contact that Young alleges arises through his detention in Oklahoma, and the involvement of the New Mexico Attorney General as local counsel in this case.  These facts, even if assumed to be true and accurate, do not establish the "minimum contacts" necessary in order for this Court to have personal jurisdiction over the Defendants.  It would be a severe departure from the standard practice of civil procedure to assume that they should reasonably anticipate being haled into court in New Mexico for an activity that occurred exclusively in Oklahoma. *See World-Wide Volkswagen Corp.*, 444 U.S. at 297.  Young must establish sufficient contact with New Mexico resulting from Defendant's purposeful conduct and not simply his own unilateral activity. *See id.*  In this matter, Young has failed to establish such a contact.

It is evident that Young has failed to establish personal jurisdiction over the Defendants.  The facts alleged in the complaint are unclear, and there is no indication that the Defendants have had any contact with the State of New Mexico, sufficient to subject them to this Court's jurisdiction.  Young failed to show that the minimum contacts along with the long-arm statute of New Mexico have been met.  It would violate due process, and defeat the purpose of the Supreme Court's decision in *World Wide Volkswagen* to allow the minimum contacts to be stretched as far as Young has requested.

As to the twenty-four John and Jane Doe Defendants, Young alleges actions of fraud,

6

inhumane treatment during his incarceration, domestic terrorism, and deprivations of civil rights. Again it appears that all of these activities allegedly occurred in Oklahoma. Furthermore, there is absolutely no description of these Doe Defendants, such that the Court could identify them, make any additional determination as to whether or not personal jurisdiction might exist over them, or as to whether they could eventually be served with service of process. These Doe Defendants have remained unnamed since the commencement of this lawsuit, and there is no indication whatsoever that they have any connection to New Mexico.   Accordingly, they shall be treated like the other Defendants in this case.  The claim against the twenty-four John and Jane Does shall be dismissed without prejudice.

**IT IS HEREBY ORDERED** that the Special Appearance and Motion to Dismiss of Defendants State Government of Oklahoma, The Honorable Bruce G. Sewell, and the Honorable Forrest David Nelson (**Docket No. 18**), filed April 2, 2003 **is GRANTED**; Defendants Rudy Briggs and Kelly Burke's Motion to Dismiss (**Docket No. 16**), filed April 2, 2003 **is GRANTED**; and Motion of Defendant, Stephen P. Gray, to Dismiss for Lack of Personal Jurisdiction (**Docket No. 20**), filed April 2, 2003 **is GRANTED**, furthermore the claims against all John and Jane Doe Defendants are dismissed without prejudice, and this case shall be dismissed without prejudice.

**IT IS SO ORDERED.**

_____

**UNITED STATES SENIOR DISTRICT JUDGE**